## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KP-01319-SCT

*EMMITT BAKER a/k/a EMMITT STERLING BAKER*
*a/k/a ELLIOTT BAKER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/04/93 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| | ALPHA OMEGA PAITSEL, LEGAL ASSISTANT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/30/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., PITTMAN AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS AND CASE

On October 10, 1992, Emmit Baker ("Baker") was indicted by the Grand Jury of Leflore County, Mississippi in cause numbers 21,606 and 21,658 for the sale of cocaine in violation of Miss. Code Ann. § 41-29-139(b)(1). On January 10, 1991 Baker entered a plea of guilty to cause number 606 and cause number 658. Judge Evans sentenced Baker to ten (10) years imprisonment in cause number 606, but the judge continued sentencing for cause number 658 until June 25, 1991, on which date Judge Evans sentenced Baker (albeit outside of his presence) to ten years imprisonment, to run consecutively with the ten year sentence for cause number 606. Baker also agreed pursuant to a plea

bargain to forfeit $8,324.86 in cash, several hundred dollars in food stamps, his pickup truck, and his residence.

On July 20, 1992, Baker filed a motion to vacate his conviction, asserting that his plea of guilty was not knowingly, intelligently and voluntarily entered, that he was sentenced in absentia for cause number 658, and that he was denied effective assistance of counsel. On July 29, 1992, Judge Evans granted the motion in part, agreeing that Baker should have been present for the sentencing for 658. On May 28, 1993, the circuit judge imposed the identical sentence of ten years with five years suspended with Baker present. Baker timely appealed.

## LAW

### I. Whether Appellant plea of guilty was knowingly, intelligently and voluntarily entered?

Baker argues that his guilty plea was involuntary as a matter of law because the trial judge failed to inform him of the mandatory minimum sentence which might be imposed. Miss. Uniform Criminal Rule of Circuit Court Practice 3.03 provides that:

> When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address defendant personally and to inquire and determine: ... B. That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law.

Baker cites *Vittitoe v. State*, 556 So.2d 1062 (Miss. 1990) and *Mallett v. State*, 592 So.2d 524 (Miss. 1991), in which cases this Court reversed convictions based upon the failure of the circuit judges to inform the defendants of the minimum sentences which might be imposed for a given offense.

This Court concludes, however, that the conviction should be affirmed, based upon this Court's decision in *Sykes v. State*, 624 So.2d 500, 503 (Miss. 1993). Miss. Code Ann. § 41-29-139(b) provides that the minimum penalty for Baker's offense in question (prior to the 1995 revision inapplicable to Baker) is only a $ 1,000 fine. In *Sykes*, this Court rejected Sykes' complaints that he had not been advised of the same $1,000 minimum fine for a drug dealing offense, noting that:

> It is true that under proper application of the law, Ronald Sykes should have received a fine of at least $1,000 and not more than $1,000,000 for possessing methamphetamine with the intent to distribute. The fact of the matter is that he did not; and we cannot imagine that he would have chosen not to plead guilty to the same terms he received, if the judge had simply said to him, `Ronald, the law says you should receive a fine of at least $1,000, but I am not going to impose that fine upon you." We hold that where, as here, we can say beyond a reasonable doubt that the failure to advise an accused of a minimum played no role in the decision of the accused to plead, such a failure is not fatal to the sentence.

*Sykes*, 624 So.2d at 502-03.

The facts of the present case are slightly different from the facts in *Sykes*, given that Baker, unlike Sykes, did forfeit $8,324.86 in cash pursuant to his plea bargain. However, this Court concludes that it can nevertheless be said beyond a reasonable doubt that Baker would have entered the plea of

guilty even if he had been apprised of the minimum $1,000 fine by the judge. Given that Baker accepted a plea bargain pursuant to which he forfeited many thousands of dollars in cash and personal property, it defies reason for Baker to argue that he would have refused to enter his guilty plea if he had been informed that the judge might impose a fine of only $1,000. This point of error is without merit and is therefore overruled.

## II. Was Appellant denied effective assistance of counsel?

Baker alleges ineffective assistance of counsel. In ***Schmitt v. State***, 560 So.2d 148 (Miss. 1990), this Court applied the two-prong test set forth by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668 (1984), noting that:

> Before counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by counsel's mistakes." ***Schmitt***, 560 So.2d at 152.

As part of his ineffective counsel arguments, Baker argues that he was denied his right to a speedy trial based on the delay in *sentencing* for cause number 658. Baker's rights in this regard arise from Rule 6.01 of the Miss. Unif. Crim. Rules of Circuit Court Practice, 6.01, which requires the imposition of sentencing without "undue delay."

The record reveals that Baker failed to assert his right to a speedy trial and that he suffered no apparent prejudice by his delay in sentencing for cause number 658: he was already serving a ten-year sentence pursuant to his guilty plea to cause number 606. Most importantly, this Court notes that the continuance of the sentencing hearing was made at Baker's own request so that he could pursue a suspension of five years of his sentence in exchange for co-operating with the sheriff in his law enforcement efforts. The circuit judge was prepared to sentence Baker for cause number 658 at the initial hearing in 1991, and Baker should not be heard to complain that he was denied a speedy sentencing that resulted from his own request for a continuance.

Baker's next argument also arises from the aforementioned Rule 6.01, which requires that sentence be passed in the "presence of the defendant." Baker correctly notes that the circuit judge erred in passing sentence outside of his presence, and the judge himself acknowledged this error, vacated the sentence and resentenced Baker in his presence. This mistake on the part of the judge clearly constitutes harmless error, and Baker is unable to cite any prejudice or harm that he suffered as a result of said error. Given that Baker suffered no detriment as a result of being sentenced outside of his presence, his ineffective counsel argument in this regard similarly fails. Baker also reasserts his ***Vittitoe*** arguments in the present context, but, as noted earlier, said points of error are without merit and are overruled.

### III. Whether Appellant is entitled to his property, money and other items that were confiscated pursuant to his arrest since these items were not voluntarily forfeited during sentencing phase of Appellant trial.

Baker argues that he is entitled to the return of his property which was confiscated pursuant to his plea agreement. Baker argues that his sentence was not definite because, when the circuit judge sentenced him on January 11, 1991, he ordered that the property be forfeited pursuant to cause

number 658, even though said case was not before the court at said time and sentence was not imposed in said case for several months. The Court concludes that the two cases were dealt with in a single plea bargain and that it is not significant whether the property was forfeited pursuant to cause number 606 or cause number 658. Baker seeks to seize upon a minor misstatement by the trial judge, but the record does not indicate that the seized property had any greater connection to one case as opposed to the other, and the present point of error is overruled.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**